Gunter Mihaescu [SBN #242708]
344 Thomas L. Berkley Way, #401
Oakland, CA 94612
Tel: 510-969-7550
Fax: 510-553-1024
Attorney for Plaintiff
ROBERT BLAIR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BLAIR,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA AND DOES 1-100, inclusive<br><br>　　　　Defendants. | Case No.: 4:16-cv-7114<br><br>**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT** |

**COMPLAINT**

Plaintiff, Robert Blair, by and through his attorney, Gunter Mihaescu, alleges the following against Defendant, United States of America, on information and belief:

**INTRODUCTION**

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. Section 2671, *et seq.*) and 28 U.S.C. Section 1346(b)(1), for negligence in connection with an incident which occurred on April 7, 2013 involving a Transportation Security Administration (TSA) agent and Plaintiff Robert Blair at Miami International Airport.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. Section 2671, *et seq.*) and 28 U.S.C. Section 1346(b)(1), for money damages as compensation for personal injuries caused by Defendant's negligence.

3. Plaintiff Blair has fully complied with the provisions of 28 U.S.C. Section 2675 of the Federal Tort Claims Act. (Pleas see Standard Form 95 attached as Exhibit 1.)

4.  This suit has been timely filed, in that Plaintiff Blair timely served notice of his claim on United States Department of Justice less than two years after the incident forming the basis of the suit.

5.  Plaintiff Blair is now filing this complaint pursuant to 28 U.S.C. Section 2401(b) after receiving the Department of Justice notice of denial of claim. (Please see US Department of Homeland Security Claim Denial Letter attached as Exhibit 2.)

## PARTIES, JURISDICTION AND VENUE

6.  Plaintiff Blair is, and at all times relevant hereto was, a resident of Napa County, California.

7.  Defendant United States of America, through its agency, the Transportation Security Administration, employed the agent who ordered Mr. Blair to pass through the metal detector at Miami International Airport.

8.  At all times relevant to this Complaint, the TSA agent who ordered Mr. Blair to pass through the metal detector at Miami International Airport held himself out to Plaintiff as an employee, agent or staff of the TSA and of the United States of America.

9.  At all times relevant to this Complaint, the TSA agent who ordered Mr. Blair to pass through the metal detector at Miami International Airport was employed by and/or acting on behalf of Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under the doctrine of respondeat superior.

10. Jurisdiction is proper under 28 U.S.C. Section 1346(b)(1).

11. Venue is proper under 28 U.S.C. Section 1402(a) as Plaintiff resides in the Northern District of California.

## FACTUAL ALLEGATIONS

12. On or about April 7, 2013, Mr. Blair was traveling with his wife and her co-workers en route from San Francisco International Airport to San Juan, Puerto Rico. The flight itinerary included a layover and change of planes in Miami.

13. At Miami International Airport, Plaintiff Blair had gone outside of security to

1   smoke a cigarette outside of the airport. When Mr. Blair approached the security checkpoint, he
2   requested that he be given a manual pat-down. Mr. Blair at the time had a nuero-stimulator
3   installed in his back which helped relieve him of chronic and ongoing back pain. At the time of the
4   incident, before the incident, this device was functioning properly and was providing relief to Mr.
5   Blair.

6   14.   The TSA agent at the security checkpoint refused to provide Mr. Blair with a
7   manual pat-down and instructed him to go through the security gate metal detector. Mr. Blair
8   explained the situation to the TSA agent and pleaded with him that when the device had been
9   surgically installed inside his body, he was given instructions not to pass through a metal detector
10  and to request a manual pat down instead.

11  15.   The TSA agent continued to refuse Mr. Blair's requests for a manual pat-down.
12  Finally, the TSA agent threatened to keep Mr. Blair off the plane entirely unless he went through
13  the metal detector. Mr. Blair, not wanting to miss a vacation with his wife, which was paid by her
14  employer and attended by her co-workers and boss, and not wanting to cause a scene or worse,
15  possibly be arrested or detained, reluctantly passed through the metal detector.

16  16.   On the flight from Miami to San Juan, when Plaintiff Blair attempted to activate the
17  neuro-stimulator, it did not function properly. Mr. Blair endured the remainder of the vacation in
18  Puerto Rico in great pain.

19  17.   Upon returning to California, Mr. Blair had to undergo a surgical procedure to have
20  the device removed from his body and a new device implanted.

21  18.   Mr. Blair has endured significant mental and emotional distress and trauma as a
22  result of his injuries and medical procedures.

23  **CAUSES OF ACTION**
24  **COUNT I-NEGLIGENCE**

25  19.   Plaintiff Blair realleges and reincorporates each and every allegation above as if
26  fully set forth herein.

27  20.   The Defendant owed a duty of care to provide reasonable accommodation to Mr
28

1  Blair when he requested a manual pat-down.

2      21.    The Defendant breached its duty of care to Mr. Blair.

3      22.    At all times relevant to this Complaint, the Defendant had a duty to hire competent employees, agents, administrators, operators and staff in order to service and accommodate individuals like Mr. Blair.

6      23.    The Defendant breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents and staff.

8      24.    The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents and staff in order to service and accommodate individuals like Mr. Blair.

11     25.    The Defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and staff.

14     26.    As a direct and proximate result of Defendant's negligence, Mr. Blair sustained serious personal injuries in and about his body, he has incurred medical expenses and other damages, and will continue to incur medical expenses and other damages in the future; he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

20     27.    The acts and/or omission set forth above would constitute a claim under the law of the state of California.

22     28.    The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

**COUNT II-VICARIOUS LIABILITY, RESPONDEAT SUPERIOR,**

**OSTENSIBLE AGENCY AND/OR AGENCY**

25     29.    Plaintiff Blair realleges and reincorporates each and every allegation above as if fully set forth herein.

27     30.    At all times relevant to this case, the directors, officers, operators, administrators,

4

Complaint

1. employees, agents, staff were employed by and/or acting on behalf of the Defendant.

31. At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

32. The directors, officers, operators, administrators, employees, agents and staff negligently and/or recklessly directly and proximately caused personal injury to Mr. Blair, including both acts of omission and acts of commission.

33. As a direct and proximate result of Defendant's negligence, Mr. Blair sustained serious personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

34. The acts and/or omissions set forth above would constitute a claim under the law of the State of California.

35. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Robert Blair does hereby pray that judgment be entered in his favor and against the Defendant as follows:

1) Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life totaling $10,102,842.64; and

2) Costs and attorneys fees incurred in this civil action, together with such further an additional relief at law or in equity that this Court may deem proper.

Respectfully submitted,

Dated: December 13, 2016    By: *Gunter Mihaescu*

Gunter Mihaescu
Attorney for plaintiff ROBERT BLAIR